IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| K.R., by and through his parent and guardian JANE DOE | § § § § § | CIVIL ACTION NO. 5:13-cv-1113 |
| Plaintiff | § § | |
| vs. | § § | |
| CLARITY CHILD GUIDANCE CENTER | § § § | |
| Defendant | § § | |

## NOTICE OF REMOVAL

Defendant CLARITY CHILD GUIDANCE CENTER hereby removes Cause No. 2013-CI-18865 from the District Court of Bexar County, Texas, 255th Judicial District to the United States District Court for the Western District of Texas, San Antonio Division pursuant to 28 U.S.C. §1441, and as grounds for its removal states as follows:

### STATEMENT OF THE CASE

1.      On November 14, 2013 Plaintiff K.R., by and through his parent and guardian Jane Doe filed an Original Petition in the District Court of Bexar County, Texas, 255th Judicial District styled Cause No. 2013-CI-18865; *K.R., by and through his parent and guardian Jane Doe vs. Clarity Child Guidance Center*; In the District Court of Bexar County, Texas, 255th Judicial District. A copy of the Original Petition is attached hereto as Exhibit A.

2.      On November 15, 2013 Defendant Clarity Child Guidance Center was served with the citation and Original Petition.

3.      The Original Petition purports to assert four causes of action including: (a) violations of Chapter 121 of the Texas Human Resources Code; (b) violations of Chapter 321 of the Texas Health and Safety Code; (c) violations of Section 504 of the Rehabilitation Act; and

(d) violations of the Americans with Disabilities Act. Each of Plaintiff's claims is based upon her contention that Clarity Child Guidance Center failed to provide an adequate means of communication for K.R. while he was a patient at Clarity Child Guidance Center and due to this failure, K.R. suffered personal injuries and resultant damages. Plaintiff also seeks injunctive relief.

4.   Jane Doe brings the claims, acting as parent and guardian of K.R.

5.   Plaintiff asserts as a result of the acts and omissions of Clarity Child Guidance Center, K.R. experienced harm, including emotional frustration, pain, suffering and humiliation.

6.   The relief Plaintiff seeks to recover on behalf of K.R. includes: (a) compensatory damages pursuant to Chapter 121 of the Texas Human Resources Code; (b) compensatory damages, including mental anguish, exemplary damages, injunctive and other relief pursuant to Section 321.003 of the Texas Health and Safety Code; injunctive relief pursuant to Section 321.003 of the Texas Health and Safety Code; (c) damages as the result of harm under Section 504 of the Rehabilitation Act; (d) injunctive relief pursuant to 42 U.S.C § 12188(a)(2); and (e) attorneys' fees, costs and litigation expenses pursuant to Section 321.003(d) of the Texas Health and Safety Code, Section 504, 29 U.S.C. § 794a(b), and the ADA, 42 U.S.C. § 12205. Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

7.   Defendant filed it Original Answer on December 4, 2013.

### FEDERAL QUESTION JURISDICTION

8.   This action is a civil action of which this Court has jurisdiction over this matter under 28 U.S.C. §1441(a) because Plaintiff's alleged claims arise under the laws of the United States, namely Section 504 of the Rehabilitation Act and the Americans with Disabilities Act.

9.   To the extent the Petition alleges statutory, state common law or other nonfederal

claims, the Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claims under Section 504 of the Rehabilitation Act and the Americans with Disabilities Act and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 13767(a).

10.     Because Plaintiff's alleged claims under Section 504 of the Rehabilitation Act and the Americans with Disabilities Act arise under the laws of the Unites States, removal of this entire cause of action is therefore appropriate under 28 U.S.C. § 1441 (a)-(c).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

11.     Concurrently with this Notice of Removal, Defendant will file a copy of this Notice with the District Court of Bexar County, Texas. A copy of the written notice of the Notice of Removal to Federal Court is attached hereto as Exhibit B (without attachment). In accordance with 28 U.S.C. 1446(d), Defendant will give written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff.

12.     This Notice of Removal has been filed within 30 days of the date that Defendant was served with citation and Plaintiff's Original Petition in this matter. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

13.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Texas, San Antonio Division is the federal judicial district and division embracing Bexar County, Texas where the state court action was filed.

## CONCLUSION

For the foregoing reasons, Defendant CLARITY CHILD GUIDANCE CENTER respectfully requests that this civil action be, and is hereby removed to the United States District

Court for the Western District of Texas, San Antonio Division, that this Court assume jurisdiction of this civil action, and that this Court enter such other order and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

This 10th day of December 2013.

Respectfully submitted,

CARLS, MCDONALD & DALRYMPLE, L.L.P.
Barton Oaks Plaza 2
901 South Mopac Expressway
Suite 500
Austin, Texas 78746
(512) 472-4845
(512) 472-8403 (fax)
cconnolly@cmcdlaw.com

By:_____
Carla Garcia Connolly
State Bar No. 07631100

ATTORNEYS FOR DEFENDANT
CLARITY CHILD GUIDANCE CENTER

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been sent by hand delivery, certified mail, return receipt requested, electronic means or facsimile to:

Lucia Romano Ostrom
DISABILITY RIGHTS TEXAS
1500 McGowan, Ste. 100
Houston, TX 77004
**VIA ELECTRONIC AND/OR FAX**

Robin Thorner
DISABILITY RIGHTS TEXAS
6800 Park Ten Blvd., Ste. 208-N
San Antonio, TX 78213
**VIA ELECTRONIC AND/OR FAX**

in accordance with the Texas Rules of Civil Procedure, on the 10th day of December, 2013.

Carla Garcia Connolly



2013-CI-18865

225TH JUDICIAL DISTRICT COURT

K R VS CLARITY CHILD GUIDANCE CENTER

DATE FILED: 11/14/2013

Filed
13 November 14 P1:13
Donna Kay McKinney
District Clerk
Bexar District
Accepted by:
Monica Hernandez

| | | |
|---|---|---|
| K.R., by and through his parent and guardian, JANE DOE | § § § | IN THE DISTRICT COURT OF |
| Plaintiff | § § § | |
| vs. | § § | BEXAR COUNTY, TEXAS |
| CLARITY CHILD GUIDANCE CENTER | § § | |
| Defendant | § | ___JUDICIAL DISTRICT |

*Copy*

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, K.R. (hereafter "K.R." or "Plaintiff"), by and through his parent and guardian,

Jane Doe, files this lawsuit against Defendant Clarity Child Guidance Center (hereafter "CCGC"

or "Defendant"), a private psychiatric hospital serving children and youth. Plaintiff complains of

disability discrimination by Defendant in violation of Chapter 121 of the Texas Human

Resources Code ("Chapter 121"), Chapter 321 of the Texas Health and Safety Code ("Chapter

321"), Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 ("Section

504") and Title III of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §§

12181 *et. seq.* Plaintiff seeks damages that are within the jurisdictional limits of the Court,

including monetary relief over $100,000 but not more than $200,000, a permanent injunction

ordering that Defendant come into compliance with the aforementioned statutes, and seeks

judgment for all other relief to which he may be entitled. In support thereof, Plaintiff alleges the

following:

---

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE – Page 1**



EXHIBIT

A

## I. PRELIMINARY STATEMENT

Defendant discriminated against K.R., a child with mental illness and deafness, by failing to have accessible services and programs for individuals who are deaf as is required under state and federal law, despite its previous knowledge of his disability and communication needs. Beginning with the admissions process on or about November 18, 2011, Defendant failed to regularly provide him with American Sign Language ("ASL") interpreters for his mental health treatment, a videophone or other communication device to contact his family outside of the facility, or other auxiliary aids and services so that K.R. would have equal access to Defendant's mental health care services. K.R. was frequently unable to effectively communicate with his treating psychiatrist, therapists, counselors, nurses, psychiatric nursing assistants, other residents and his parents. Because of the lack of consistent and effective communication, K.R. was isolated and segregated in what was supposed to be a therapeutic and healing environment. Defendant denied K.R. full and meaningful access to the mental health treatment services and programs Defendant offers to the public.

K.R., and other similarly situated persons, will continue to experience unlawful discrimination as a result of Defendant's failure to comply with Texas law, Section 504, and the ADA.

## II. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3. Plaintiff affirmatively pleads that she seeks injunctive relief. Plaintiff also seeks monetary relief over $100,000 but not more than $200,000. TRCP 47(c)(3).

### III. JURISDICTION

2.      Jurisdiction is proper in this Court because the damages sought are within the jurisdictional limits of this Court. This Court has the power to grant the relief requested, including injunctive relief.

### IV. VENUE

3.      Venue is proper under sections 15.002(a)(1) and (a)(2) of the Texas Civil Practice and Remedies Code and section 321.003(e)(1)(2) of the Texas Health and Safety Code. Defendant's actions, inactions, and failure to comply with the applicable law, occurred or failed to occur, in Bexar County, and the Defendant does business in Bexar County, making venue proper in this Court.

### V. PARTIES

4.      Plaintiff K.R. is a qualified individual with a disability who temporarily resides at North Fork Education Center in Wylie, Collin County, Texas.

5.      Jane Doe is K.R.'s mother and legal guardian.  She and her husband are also joint managing conservators of K.R. with the Texas Department of Family and Protective Services. Pursuant to the order creating the joint managing conservatorship, among other things, Mrs. Doe and her husband have the exclusive right after consultation with the Texas Department of Family and Protective Services to represent K.R. in legal actions. The Texas Department of Family and Protective Services has been consulted in this matter.

6.      Defendant Clarity Child Guidance Center is a psychiatric treatment facility for children and adolescents. It is a Texas corporation that regularly conducts business at 8535 Tom Slick Ave, San Antonio, TX 78229 and may be served through its registered agent, Mr. Frederick W. Hines, at this address.

## VI. FACTUAL ALLEGATIONS

7.      K.R. is an individual with a disability. He is a 12 year-old young man who has deafness and mental illness. Among other things, he has been diagnosed with Intermittent Explosive Disorder, Post-traumatic Stress Disorder, Reactive Attachment Disorder, and Attention Deficit Hyperactivity Disorder. K.R. has required inpatient psychiatric treatment on multiple occasions in the San Antonio and Austin area. K.R. has significant trauma history, and he and three of his younger brothers were removed from the home of their biological mother. Jane Doe and her husband fostered, and then legally adopted, K.R. and his three younger siblings.

8.      K.R. has bilateral profound hearing loss. Due to K.R.'s hearing disability, his primary form of communication is American Sign Language ("ASL") which he uses on a daily, ongoing basis, with his family, teachers, service professionals and peers. Without amplification, e.g. hearings aids, K.R. is functionally deaf.  Even with amplification, K.R. cannot understand conversation clearly, and he cannot use a telephone.  He attempts to use his own voice, although he cannot use his voice to effectively communicate expressively.

9.      Defendant does business with the public by providing mental health care services to children and adolescents in San Antonio and throughout South Texas. Defendant advertises, via its website, that it has inpatient and outpatient programs that include psychiatric evaluations and therapeutic sessions.

10.      On or about November 18, 2011, Mrs. Doe voluntarily admitted K.R. into Defendant's care for acute psychiatric treatment as a result of his mental illness. During the admissions process, Mrs. Doe indicated on the intake paperwork that Plaintiff is deaf and requires an ASL interpreter for effective communication. Defendant noted that K.R. is deaf in the Initial Psychiatric Assessment for Acute Care.

11.     Additionally, Mrs. Doe made verbal requests to Defendant for auxiliary aids and services for her son. She did this initially when she contacted CCGC by telephone to determine if the facility had an available bed and she raised the request verbally with various admissions staff when she and K.R. were physically at the facility. During the admissions process, Mrs. Doe explained that Plaintiff would need an ASL interpreter to communicate and receive care. Defendant did not provide an ASL interpreter during the intake and admissions process, and despite Plaintiff's mother's request for an ASL interpreter, Jane Doe had to interpret for Defendant's staff.

12.     Defendant completed a "Family and Child Assessment Update" on November 19, 2011, as part of the admission paperwork, which noted that K.R. "is deaf and currently does not have hearing aids due to throwing them and attempting to smash them during his last incident at home. He requires an interpreter and signing to communicate."

13.     Throughout K.R.'s stay at CCGC from November 18, 2011, to July 7, 2012, Plaintiff and Mrs. Doe asked Defendant to provide auxiliary aids and service.  Mrs. Doe visited Plaintiff nearly every day he was at CCGC, and every time she asked at least one staff person about the amount of ASL interpreter services Defendant had arranged for that day.

14.     As a result of CCGC's failure to provide the requested ASL interpreter services and other auxiliary supports for her son, on behalf of K.R. Jane Doe requested help from Disability Rights Texas ("DRTX").  Throughout the course of K.R.'s treatment, Mrs. Doe and DRTX continually advocated for Defendant to provide K.R. with auxiliary aids and services so that he could communicate effectively like the other youth at the facility were able to do.

15.     On December 13, 2011, K.R. was involuntarily committed to Defendant's facility. At the commitment hearing, Plaintiff's psychiatrist confirmed that K.R. was not receiving all of the auxiliary supports and services he needed to communicate effectively.

16.     On December 23, 2011, Plaintiff's counsel wrote Defendant's President and C.E.O., Frederick "Fred" Hines, a letter about CCGC's obligation to provide a means for effective communication for K.R.

17.     Despite Plaintiff's counsel's efforts and the fact that K.R.'s communication difficulties were well-documented, until January 25, 2012, Defendant only provided K.R. minimal ASL interpreter services. When Mrs. Doe repeatedly requested for K.R. to have more time with an ASL interpreter for his treatment, Defendant responded with indifference at best, and hostility at worst.

18.     Defendant also did not secure the services of an ASL interpreter or ASL-certified mental health care provider to assist in its diagnostic efforts of K.R., although K.R.'s social worker indicated that CCGC would like to conduct more testing. The testing never occurred.

19.     Additionally, in or about early January 2012, Mrs. Doe requested that Defendant obtain a videophone, available free of charge by Sorenson Communications, so that K.R. could communicate with his family. Defendant delayed in getting the equipment and K.R. did not have access to communication outside of the facility for several months.

20.     On January 19, 2012, Jane Doe convened a treatment team meeting at CCGC. At that time, Defendant was only providing K.R. an interpreter during one group meeting per week and one family meeting with the therapist per week, and Defendant still had not acquired a videophone. During this meeting, the treatment team and Mrs. Doe reached an agreement

regarding the auxiliary aids and services that Defendant would provide to K.R. as he moved forward in his inpatient stay.

21.     However, the following day, on January 20, 2012, Mrs. Doe was informed that Defendant planned to discharge K.R. within two (2) weeks. The treatment team had not discussed discharge plans at the treatment team meeting the previous day. In fact, at the treatment team meeting, the team discussed that K.R. was not ready for discharge because he had not shown much improvement during his stay.

22.     On January 23, 2012, Plaintiff's counsel wrote a follow-up letter to Defendant reiterating the requests for auxiliary supports and services, and cautioning Defendant against improperly discharging K.R. Defendant did not discharge K.R., and he began receiving more ASL interpreter services. Nonetheless, Defendant repeatedly violated its agreement by failing to provide ASL interpreters for many therapeutic sessions throughout the duration of K.R.'s stay, and Mrs. Doe continued to serve as an interpreter for Defendant and her son on occasion, despite her clear objections to doing so.

23.     Defendant finally acquired a videophone for K.R. in February 2012, but he was unable to use it because Defendant did not train staff members on how to operate the equipment.

24.     On March 8, 2012, at Mrs. Doe's request, CCGC held another meeting to discuss K.R.'s treatment, and to again raise concerns about K.R.'s access to the videophone. That same day, DRTX wrote Defendant a letter asking that immediate steps be taken to ensure that all the staff members on K.R.'s unit were taught how to operate the videophone so he could use it. On or about March 24 and March 25, 2012, Defendant finally trained the staff on the proper use of the videophone equipment. But by then it had been over four (4) months that K.R. did not have access to communication outside of the facility, unlike his hearing peers.

25.     Defendant again threatened that it would discharge him in April 2012. Altogether, Defendant threatened to discharge K.R. at least three (3) times because it did not want to provide him the auxiliary supports and services he needed.

26.     On June 22, 2012, Defendant's staff members told Mrs. Doe that K.R. would be discharged into her and her husband's care two (2) days later, on June 24, 2012. Defendant planned to discharge K.R. even though it contended that K.R. needed long-term placement in a residential treatment center. Jane Doe asked for an emergency meeting, which took place on June 25, 2012. At the meeting, Mrs. Doe sought more time until an appropriate placement could be secured for K.R. Again, it was only with Plaintiff's counsel's intervention that the discharge did not occur on June 24, 2012.

27.     Ultimately, an appropriate placement for K.R. was secured at Austin State Hospital. K.R. was transferred there on July 7, 2012, where he was not only provided mental health care treatment, but also the auxiliary aids and services he needed to access this treatment.

## VII. CAUSES OF ACTION

### A. Violations of Chapter 121 of the Texas Human Resources Code

28.     Plaintiff hereby incorporates by reference paragraphs 1 through 27 of this petition.

29.     It is the policy of the State of Texas "to encourage and enable persons with disabilities to participate fully in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy and use all public facilities available within the state." TEX. HUM. RES. CODE ANN. § 121.001.

30.     K.R. is a person with a disability within the Texas Human Resources Code in that he has deafness and mental illness. *Id.* § 121.002(4).34.     Defendant is a public facility within the Texas Human Resources Code in that Defendant is a place of "public accommodation" that "the

general public or any classification of persons from the general public is regularly, normally, or customarily invited." *Id.* § 121.002(5).

31.   Based on its conduct described above, Defendant has violated Chapter 121 in the following ways:

      a.   Denying Plaintiff the full use and enjoyment of facilities offered to those without disabilities, in violation of § 121.003(a);

      b.   Failing to make reasonable accommodations in their polices, practices and procedures so that Plaintiff would have effective communication, and thus be able to have full use or access to Defendant's inpatient therapeutic services, in violation of § 121.003(d)(2);

      c.   Failing to provide Plaintiff with auxiliary aids and services for effective communication so he would have full use and enjoyment of Defendant's inpatient therapeutic services, in violation of § 121.003(d)(3);

32.   A person, firm, association, corporation, or other organization, or the agent of a person, firm, association, corporation, or other organization, who violates section 121.003 of the Texas Human Resources Code, is deemed to have deprived a person with a disability of his civil liberties. *Id.*, § 121.004(b).

33.   A person with a disability, deprived of his civil liberties, may maintain a cause of action for damages in a court of competent jurisdiction, and there is a conclusive presumption of damages in the amount of *at least* one hundred dollars ($100) to the person with a disability. *Id.*

34.   Therefore, Defendant discriminated against K.R. on the basis of his disability and deprived him of his civil liberties, entitling Plaintiff to recover compensatory damages.

### B. Violations of Chapter 321 of the Texas Health and Safety Code

35.    Plaintiff incorporates by reference paragraphs 1 through 34 of this petition.

36.    Subtitle C of Title 7 of the Texas Health and Safety Code specifically enumerates, *inter alia*, the care, safety, treatment, admission and detention protocols that must be provided by all facilities providing psychiatric services, including Defendant CCGC, and sets forth its statutory requirements.

37.    Defendant violated K.R.'s rights under the Texas Health & Safety Code, and the rules and regulations adopted thereunder, by:

      a.    Failing to communicate in a language and format understandable to K.R. for all services Defendant provided, in violation of 25 T.A.C.404.154 (6);

      b.    Failing to ensure that, within 24 hours after his admission to CCGC, staff explained the rights specified in the facility's patients' bill of rights through a means reasonably calculated to communicate with a person who has a hearing impairment, in violation of Texas Health and Safety Code §§ 321.002, 576.009; 25 TA.C. §§ 404.154 (32), 404.163; and

      c.    Failing to enable K.R. to have regular communication with his family, in violation of 25 T.A.C. § 404.160 (3).

38.    The foregoing violations of Subtitle C of Title 7 of the Texas Health and Safety Code, and the regulations promulgated thereunder, are actionable under the provisions of section 321.003 of the Texas Health and Safety Code, which provides, in part:

      (a)    A treatment facility or mental health facility that violates a provision of, or a rule adopted under, this chapter, Subtitle C of Title 7, or Chapter 241, 462, 464, or 466 is

liable to a person receiving care or treatment in or from the facility who is harmed as a result of the violation.

(b)      A person who has been harmed by a violation may sue for injunctive relief, damages, or both.

(c)      A plaintiff who prevails in a suit under this section may recover actual damages, including damages for mental anguish even if an injury other than mental anguish is not shown.

(d)      In addition to an award under Subsection (c), a plaintiff who prevails in a suit under this section may recover exemplary damages and reasonable attorney fees.

39.      Defendant's violations were a proximate and/or producing cause of injury and damage to K.R. Plaintiff seeks such compensatory damages, including mental anguish, exemplary damages, injunctive and other relief, as provided pursuant to section 321.003 of the Texas Health and Safety Code.

## C.  Violations of Section 504 of the Rehabilitation Act

40.      Plaintiff incorporates by reference paragraphs 1 through 39 of this petition.

41.      The purpose of Section 504 of the Rehabilitation Act is to ensure that no "qualified individual with a disability in the United States ... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ...." 29 U.S.C. § 794(a).

42.      Plaintiff K.R., an individual with deafness and mental illness, is a qualified individual with a disability within the meaning of Section 504. 29 U.S.C. § 705(9)(B).

43.      Defendant's operations and programs are "program[s] or activit[ies]" within the meaning of 29 U.S.C. § 794(b)(3)(A)(ii).

44.     Defendant receives Federal financial assistance within the meaning of Section 504 in the form of Medicaid payments. 29 U.S.C. § 794(a).

45.     Section 504 requires that a "recipient ... that employs fifteen or more persons shall provide appropriate auxiliary aids to persons with impaired sensory ... or speaking skills, where necessary to afford such persons an equal opportunity to benefit from the service in question." 45 C.F.R. § 84.52(d)(1).

46.     Appropriate auxiliary aids include, but are not limited to, ASL interpreters. 45 C.F.R. § 84.52(d)(3).

47.     Despite repeated requests to Defendant from K.R., Mrs. Doe and counsel for auxiliary aids and services during the nearly eight months of K.R.'s residential treatment, Defendant failed to consistently and routinely provide the auxiliary aids and services K.R. needs for effective communication.

48.     As such, Defendant discriminated against Plaintiff by denying him participation in and the full benefits of the services, programs, and activities, *i.e.*, inpatient mental health care, offered by Defendant. 29 U.SC. § 794; 45 C.F.R. § 84.52.

49.     Defendant discriminated against Plaintiff by denying him an equal opportunity in Defendant's programs and services. 29 U.S.C. § 794; 45 C.F.R. § 84.52(d).

50.     Defendant discriminated against Plaintiff by providing its benefits and services, *i.e.*, mental health care, in a manner not equal to or as effective as that offered to hearing persons. 29 U.S.C. § 794; 45 C.F.R. § 84.52(a)(2) and (3).

51.     Based on the conduct describe above, Defendant has been deliberately indifferent to Plaintiff's federally protected rights. Therefore, Defendant's actions and failures to act have violated Section 504, entitling K.R. to recover damages

52.     As a proximate cause of Defendant's violations of Plaintiff's rights under Section 504 of the Rehabilitation Act, Plaintiff has suffered harm and continues to suffer harm.

### D. Violations of the Americans with Disabilities Act

53.     Plaintiff incorporates by reference paragraphs 1 through 52 of this petition.

54.     Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of accommodation." 42 U.S.C. § 12182(a).

55.     The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A).

56.     Plaintiff K.R. is deaf and has mental illness, therefore, he qualifies as an individual with a disability as defined by 42 U.S.C. §§ 12102(1)(A), 12102(2)(A).

57.     Defendant CCGC is a place of "public accommodation" within the meaning of the ADA. 42 U.S.C. § 12181(7)(F).

58.     Under Title III of the ADA, it is discriminatory to "afford an individual or class of individuals, on the basis of a disability ... of such individual or class, directly ... with the opportunity to participate in or benefit from a good, service ... that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

59.     Under Title III of the ADA, discrimination also is "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges ... to individuals with disabilities .... " 42 U.S.C. § 12182(b)(2)(A)(ii).

60. Further, under Title III of the ADA, discrimination is "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services .... " 42 U.S.C. § 12182(b)(2)(A)(iii).

61. Auxiliary services include but are not limited to, "qualified interpreters or other effective methods of making aurally delivered materials available to individuals with hearing impairments" and the "acquisition or modification of equipment or devices." 42 U.S.C. § 12103(1)(A) and (C); *see also* 28 C.F.R. § 36.303(b)(1).

62. The implementing regulations of Title III of the ADA clearly require the provision of effective communication. A public accommodation has the obligation to provide "appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). Furthermore, a public accommodation is prohibited from relying on an adult accompanying an individual with a disability to interpret or facilitate communication, except in extraordinary circumstances. 28 C.F.R. § 36.303(c)(3).

63. Defendant subjected K.R. to discrimination based on his disability in violation of his rights under the ADA.

64. Defendant failed to afford K.R. the opportunity to receive its services, *i.e.* inpatient mental health care, in a manner that is equal to that afforded to other individuals. By not providing K.R. an opportunity to access effective communication during the course of his treatment at CCGC, K.R. was treated differently than individuals with hearing, in violation of 42 U.S.C. § 12182(b)(1)(A)(ii).

65. Defendant failed to make reasonable modifications in their policies, practices, or procedures, in regards to the provision of ASL interpreters and videophone equipment and

training, even though for months Plaintiff had requested such modifications because it was necessary for him to communicate. Defendant discriminated against Plaintiff by not responding for a prolonged period of time to Plaintiff's requests that Defendant modify its policies, practices and procedures in regards to access to effective communication, in violation of 42 U.S.C. § 12182(b)(2)(A)(ii).

66.     Defendant routinely failed to take the necessary steps to ensure auxiliary aids and services were consistently and effectively provided to Plaintiff during the course of his inpatient mental health treatment. Instead, Plaintiff was excluded from effectively participating in his care, was denied services because he could not effectively communicate, was segregated from communicating outside and within the facility, and was simply treated differently than other individuals because of the absence of auxiliary aids and services, in violation of 42 U.S.C. § 12182(b)(2)(A)(iii). In addition, Defendant also routinely used K.R.'s mother to interpret and facilitate communication for services that it provided in violation of 28 C.F.R. § 36.303(c)(3).

67.     As a proximate cause of Defendant's violations of Plaintiff's rights under Title III of the ADA, Plaintiff has suffered harm and continues to suffer harm.

### VIII. RELIEF REQUESTED

### A. Injunctive Relief

68.     Plaintiff asks the Court to issue a permanent injunction after a full trial on the merits against Defendant that:

(A) Prohibits Defendant from discriminating against K.R. due to his disability by mandating that Defendant provide ASL interpreters, or other appropriate auxiliary aids or services, on a consistent and regular basis so that in the future K.R. may gain the benefits of the services provided by Defendant;

(B) Requires Defendant and its employees undergo training as to its legal responsibilities in serving persons who are deaf;

(C) Requires Defendant to adopt a new policy and procedure to address how ADA requests from its patients for auxiliary aids and services, or for modifications, will be handled, and to train all of Defendant's employees on this new policy and procedure;

(D) Requires Defendant to alter its website to advertise that its organization is in compliance with the ADA, and will provide auxiliary aids and services to patients with disabilities, including American Sign Language (ASL) interpreter services for patients with hearing disabilities, to ensure effective communication; and

(E) Requires Defendant to notify its patients of their new policy through the installation of signage throughout the facility and publication of the policy in its patient handbook and on its website.

69.     Injunctive relief is authorized under 42 U.S.C. § 12188(a)(2). Additionally, injunctive relief is authorized under section 321.003 of the Texas Health and Safety Code because Defendant's violations were a proximate and/or producing cause of injury and damage to K.R.

## B. Damages

70.     As a result of Defendant's acts and omissions, K.R. experienced harm, including emotional frustration, pain, suffering, and humiliation. Plaintiff asks that the Court award compensatory and exemplary damages pursuant to state law and Section 504.

## C. Court Costs and Attorney's Fees

71.     Plaintiff is entitled to recover her attorneys' fees, costs, and litigation expenses pursuant to section 321.003(d) of the Texas Health and Safety Code, section 504, 29 U.S.C. § 794a(b), and the ADA, 42 U.S.C. § 12205.

## IX. JURY DEMAND

72.     Plaintiff demands a jury trial on all issues so triable, and tenders the appropriate fee with this petition.

## X. REQUEST FOR DISCLOSURE

73.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

## XI. PRAYER

74.     For these reasons, Plaintiff asks that Defendant be cited to appear and answer and, on final trial, that Plaintiff be awarded judgment against Defendant for the following:

      a.      Permanent injunction;

      b.      Compensatory damages;

      c.      Exemplary damages;

      c.      Pre-judgment and post-judgment interest at the maximum rate allowed by law;

      d.      Court costs;

      e.      Attorneys' fees and litigation expenses; and

      f.      All other relief to which Plaintiff is entitled.

Respectfully submitted,

DISABILITY RIGHTS TEXAS

_____

Lucia Romano Ostrom
Texas Bar No: 24033013
1500 McGowan, Ste 100
Houston, Texas 77004
PH:  (713) 974-7691
FAX: (713) 974-7695
lostrom@drtx.org


Robin Thorner
Texas Bar No:  24073186
6800 Park Ten Blvd., Ste 208-N
San Antonio, Texas 78213
PH: (210) 737-0499
FAX: (210) 737-2403
rthorner@drtx.org

ATTORNEYS FOR PLAINTIFF
K.R. by and through his parent and guardian
JANE DOE
Last 3 digits Driver's License No. 172
Last 3 digits Social Security No. 152

CAUSE NO. 2013-CI-18865

| | | |
|---|---|---|
| K.R., by and through his parent and guardian<br>JANE DOE | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | BEXAR COUNTY, TEXAS |
| | § | |
| vs. | § | |
| | § | |
| CLARITY CHILD GUIDANCE CENTER | § | |
| | § | |
| Defendant | § | 255TH JUDICIAL DISTRICT |

## DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on December 10, 2013 CLARITY CHILD GUIDANCE CENTER, Defendant in the above entitled and numbered cause, filed a Notice of Removal pursuant to 28 U.S.C. § 1441, removing the above action from the District Court of Bexar County, 255th Judicial District. A true and correct copy of the Notice of Removal is attached hereto as Exhibit 1.

### I.

PLEASE TAKE FURTHER NOTICE that, upon the filing of the Notice of Removal with the Clerk of the United States District Court for the Western District of Texas, San Antonio Division and filing copies thereof with the Clerk of the United States District Court for the Western District of Texas, San Antonio Division, the Defendant has effected removal and the District Court of Bexar County, 255th Judicial District shall proceed no further in this action unless and until the case is remanded.



EXHIBIT
B

Respectfully submitted,

CARLS, MCDONALD & DALRYMPLE, L.L.P.
Barton Oaks Plaza 2
901 South Mopac Expressway
Suite 500
Austin, Texas 78746
(512) 472-4845
(512) 472-8403 (fax)


By: _____
Carla Garcia Connolly
State Bar No. 07631100

ATTORNEYS FOR DEFENDANT
CLARITY CHILD GUIDANCE CENTER

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been sent by hand delivery, certified mail, return receipt requested, electronic means or facsimile to:

Lucia Romano Ostrom
DISABILITY RIGHTS TEXAS
1500 McGowan, Ste. 100
Houston, TX 77004
**VIA ELECTRONIC AND/OR FAX**

Robin Thorner
DISABILITY RIGHTS TEXAS
6800 Park Ten Blvd., Ste. 208-N
San Antonio, TX 78213
**VIA ELECTRONIC AND/OR FAX**

in accordance with the Texas Rules of Civil Procedure, on the 13th day of December, 2013.

Carla Garcia Connolly